**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WESTERN MANAGEMENT, INC., | No. 09-73811 |
| Petitioner, | Tax Ct. No. 9745-08 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted May 5, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Appellant Western Management, Inc. ("WM"), a corporation owned at least

in part by Robert Kovacevich, appeals from a final judgment of the Tax Court in

favor of the Appellee Commissioner of Internal Revenue ("the CIR"). WM brings

five arguments on appeal: (1) the Tax Court committed reversible error by

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

quashing ex parte WM's subpoena of an individual; (2) the Tax Court judge erred by failing to recuse herself; (3) the Tax Court erred by entering a judgment in excess of the settlement stipulation to which the parties had agreed; (4) the statute of limitations had expired against the entire tax deficiency; and (5) even if there were a deficiency, no interest should be charged.[1]  Because WM's contentions lack merit and/or were effectively resolved by the settlement stipulations or at oral argument, we affirm.

The Tax Court's legal conclusions are reviewed de novo.  *Baizer v. Comm'r of Internal Revenue*, 204 F.3d 1231, 1233–34 (9th Cir. 2000).  We review "[t]he [T]ax [C]ourt's decision to enforce a stipulation [of facts] for abuse of discretion," *Bail Bonds by Marvin Nelson, Inc. v. Comm'r*, 820 F.2d 1543, 1547 (9th Cir. 1987), and the Tax Court's findings of fact "for clear error," *Baizer*, 204 F.3d at 1233–34.  "A stipulation will generally be enforced unless manifest injustice would result."  *Bail Bonds by Marvin Nelson*, 820 F.2d at 1547.

**1.**	The Tax Court did not err in quashing the subpoena duces tecum WM sent to Carl Wasserman.  First, Tax Court Rule 50(b)(3) explicitly provides that the court may dispose of motions "<u>with or without </u>written response, hearing, or

---

[1]	The parties are familiar with the facts and we repeat them here only as necessary to explain our decision.

attendance of a party to the motion at the hearing" (emphasis added). Second, WM had already stipulated that it did not intend to call Wasserman and had contacted Wasserman to advise him of this when the alleged ex parte contact occurred. Finally, both Judge Cohen and the CIR assert that no ex parte contact occurred. Therefore, Judge Cohen did not abuse her discretion in granting the motion to quash the Wasserman subpoena.

2.      Judge Cohen also did not err by declining to recuse herself. In general, "judicial rulings alone almost never constitute valid basis for a bias or partiality [recusal] motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). We conclude that comments made in a 1986 opinion by Judge Cohen in another action involving Robert and Yvonne Kovacevich do not constitute a valid basis for recusal in the present action. *Id.* at 551.

3.      WM contends that the judgement does not reflect certain credits reflected in the parties' stipulations. However, the CIR both in its briefing, as well as at oral argument, represented that the Tax Court's decision sets forth the correct amount of the tax liabilities and that any credits due to WM will be administratively applied to WM's tax accounts after the Decision becomes final. We affirm on the basis of the CIR's representations.

3

**4.** Because WM stipulated to extend the statute of limitations for all of the periods at issue, we reject its argument that the statute of limitations had run. *Bail Bonds by Marvin Nelson,* 820 F.2d at 1547–48. WM waived any claim with respect to Robert Kovacevich's signature and therefore we do not reach that issue.

**5.** The parties' stipulations do not discuss interest, and according to the CIR's representations at oral argument, that interest will be automatically levied according to statute once the Tax Court's decision becomes final.

In sum, we conclude that each of WM's arguments lack merit. The Tax Court's judgment is **AFFIRMED**.